MARISSA R. TEMPLE, ESQ.
Nevada Bar No.: 9028
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: mtemple@rmcmlaw.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARSHALL JOSEPH MOUNT, individually; | CASE NO.: |
| Plaintiff, | |
| vs. | |
| ACUITY, A MUTUAL INSURANCE COMPANY, foreign corporation, and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30, | |
| Defendants. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, ACUITY, A MUTUAL INSURANCE COMPANY, (hereinafter referred to as "Defendant"), by and through its counsel, Marissa R. Temple, Esq., of the law firm of Rogers, Mastrangelo, Carvalho & Mitchell, hereby provides Notice that they are removing this action from the Eighth Judicial District Court, Clark County Nevada, to the United States District Court for the District of Nevada. In support thereof they state as follows:

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 USC §1332 in that there is complete diversity among the parties and more than $75,000 in controversy, exclusive of interest and costs. Specific facts supporting such jurisdiction are set forth below.

2. Plaintiff is, upon information and belief, a citizen of the State of Nevada and is domiciled therein. *See* Complaint attached hereto as Exhibit "A" at p. 1, 20-21 ("Plaintiff Marshall Joseph Mount ("Plaintiff") is a resident of Clark County at all material times herein.").

3.     Plaintiff has filed suit against Defendant in the Eighth Judicial District Court, Clark County Nevada, Case No. A-21-838559-C assigned to Dept. XIII (the "State court action"). The causes of action brought by Plaintiff are breach of contract, breach of the covenant of good faith and fair dealing, and Violation of the Unfair Claims Practices Act (NRS § 686A.310). As such, the State court action is not a "direct action" against an insurer. *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898 (9th Cir. 1982); *Weast v. Travelers Cas. And Sur. Co*, 7 F. Supp.2d 1129 (D. Nev. 1998). See Exhibit "A."

4.     Defendant Acuity is the defendant in the State court action. Acuity is a mutual insurance company organized under Wisconsin law and domiciled in Wisconsin. Defendant's principal place of business is in Sheboygan, Wisconsin. *Id.* Per 28 USC §1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." As the State court action is not a "direct action" against an insurer, Defendant cannot been deemed to be a citizen of any other State or foreign state. *See* 28 USC §1332(c)(1)(A).

5.     The Complaint in the State court action was purportedly served on Defendant by serving the State of Nevada Department of Business and Industry Division of Insurance on August 25, 2021. *See* Proof of Service attached hereto as Exhibit "B." Such was Defendant's first receipt of a copy of the Complaint. The date upon which Defendant files its Notice of Removal, September 21, 2021, is within the 30 day deadline for filing a notice of removal set forth in 28 USC §1446(b)(1). Therefore, Defendant's Notice of Removal is timely-filed.

6.     There is complete diversity between Plaintiff and Defendant and said diversity of citizenship exited at the time that the State court action was filed and continues to exist, as Defendant is not a citizen of the State of Nevada, the State in which the State court action was brought. 28 USC §1441(b)(2), or the State of Plaintiff's citizenship (Nevada).

7.     The amount in controversy in the State court action exceeds $75,000. In his Complaint Plaintiff prays for damages "in excess of $15,000" in both general and special damages, plus attorney's fees and costs, interest, and other relief. *See* Exhibit "A," at p. 8. Pursuant to 28 USC §1446(c)(2)(A)(ii) and 28 USC §1446(c)(2)(B) provide for removal based on diversity jurisdiction

when, as in Nevada, "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demand" so long as ". . . the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)": to wit: $75,000.

8. The evidence that Plaintiff's claim exceeds $75,000 can be found in the Complaint. In the body of the Complaint, Plaintiff asserts that he has been damaged by Defendant's "refusal to adequately and reasonably pay Plaintiff's benefits due under the applicable contract of insurance..." and Defendant's "continuously failing and refusing to pay to the Plaintiff the sum of money due and owing.." *See* Exhibit "A" at p. 4, and p.6, respectively. Additional evidence includes Plaintiff's claim in the Complaint that his medical expenses alone total $69,001. *See* Exhibit "A" at p. 3.[1]

9. The Declaration's page for the applicable policy is attached hereto as Exhibit "C." The limits of the uninsured/underinsured motorist coverage is $1,000,000." *Id.* Therefore, a preponderance of the evidence indicates that the value of Plaintiff's claim exceeds $75,000.

10. A true and correct copy of file-stamped Defendant's Notice of Removal will be filed with the Eighth Judicial District Court, Clark County, Nevada.

Based on the foregoing, Defendants hereby remove the State court action to this Court.

DATED this 21st day of September, 2021.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

/s/ Marissa Temple

MARISSA R. TEMPLE, ESQ.
Nevada Bar No.: 9028
700 South Third Street
Las Vegas, Nevada 89101
*Attorneys for Defendant*

---

[1] Plaintiff's supplemental demand, recently received by Defendant, identifies a new total of $ 297,060 in medical bills that have been incurred, which include surgery recently undergone by the Plaintiff. This brings the claim amount well over the threshold required for removal.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Rogers, Mastrangelo, Carvalho & Mitchell, and on the 21st day of September, 2021, a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** was served the Court's electronic filing and service system pursuant to Rule 9 of the N.E.F.C.R. upon the following counsel of record:

Garnet E. Beal, Esq.
Dimopoulos Injury Law
6671 South Las Vegas Blvd., Suite 275
Las Vegas, Nevada 89119
Telephone: (702) 800-6000
Facsimile: (702) 224-2114
Email: gb@stevedimopoulos.com
*Attorneys for Plaintiff*

/s/ Rusti Anthony

_____
An Employee of ROGERS, MASTRANGELO, CARVALHO & MITCHELL

# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
7/28/2021 7:36 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
gb@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-21-838559-C
Department 13

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MARSHALL JOSEPH MOUNT, individually;

Plaintiff,

vs.

ACUITY, A MUTUAL INSURANCE COMPANY, foreign corporation, and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30;

Defendants.

CASE NO.:
DEPT NO.:

**COMPLAINT**

Plaintiff MARSHALL JOSEPH MOUNT, by and through his counsel, GARNET E. BEAL, ESQ. of the DIMOPOULOS INJURY LAW, and for his Complaint against the Defendants, and each of them alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Marshall Joseph Mount ("Plaintiff") is a resident of Clark County at all material times herein.

2. Defendant ACUITY, A MUTUAL INSURANCE COMPANY ("Acuity") is, and at all times mentioned herein, a foreign corporation, doing business in the State of Nevada and deriving substantial revenue from the state.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES and ROE BUSINESS ENTITIES, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; on information and belief, Plaintiff alleges that the

Page 1 of 8

Case Number: A-21-838559-C

Defendants, and each of them, designated herein as a DOE or ROE BUSINESS ENTITIES were responsible in some manner for the events referred to in this action, and is liable for damages to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action.

4. On or about November 21, 2019, Plaintiff was operating his vehicle northbound on the US95, Cheyenne Avenue off-ramp in Las Vegas, Clark County, Nevada.

5. Non-Party Bibyana Arlesvin Rosado, who was operating her vehicle directly behind Plaintiff's vehicle, failed to use due care, failed to reduce her speed, failed to keep a proper lookout, failed to pay full attention to driving and rear-ended Plaintiff's vehicle thereby causing a motor vehicle collision with Plaintiff.

6. At the time of the subject accident, Plaintiff was an insured of an automobile insurance policy with uninsured/underinsured motorist bodily injury coverage limits of $1,000,000.00 per incident with Defendant Acuity and Non-Party Rosado was uninsured and/or underinsured at the time of the subject accident.

7. At some time prior to November 21, 2019, Defendant Acuity, and/or a ROE CORPORATION, issued a policy of automobile insurance. This policy of insurance contained uninsured/underinsured motorist bodily injury coverage with limits of $1,000,000.00 per incident.

8. Said policy of insurance contained provisions providing coverage to the Plaintiff for damages suffered as a direct and proximate result of the negligence of operators of uninsured/underinsured motor vehicles.

9. All required premium payments due under said policy and there was a binding contract of insurance in full force providing coverage for Plaintiff on November 21, 2019.

10. As a result of the November 21, 2019 aforementioned motor vehicle accident, Plaintiff suffered severe neck and back injuries.

11. On or about June 19, 2020, Plaintiff sent a letter of representation to Acuity advising of his intent to pursue a claim for UIM/UM policy benefits.

12. On or about June 22, 2020, Acuity acknowledged the representation.

13. On or about January 29, 2021, based upon Plaintiff's medical special damages and the nature and extent of his injuries, Plaintiff sent a demand requesting that Defendant Acuity pay UIM/UM benefits to Plaintiff. Attached to Plaintiff's demand was medical records and billing showing the severity of Plaintiff's injuries and past and future medical expenses totaling $69,001.00.

14. On or about February 11, 2021, Acuity responded to Plaintiff's demand.

15. Despite Plaintiff's past and future medical damages, Acuity knowingly performed an unreasonable investigation, evaluation and processing of Plaintiff's claim and determined that Plaintiff was not entitled to reasonable UIM/UM benefits.

16. Plaintiff has fully cooperated with all of Acuity's requests.

17. Acuity failed to complete their evaluation and investigation within a reasonable time frame.

18. Acuity knew Plaintiff suffered injuries as a result of this accident.

19. Acuity has no reasonable basis for its conduct.

20. Acuity refused to properly evaluate and pay Plaintiff's valid underinsured motorist claim without proper cause.

21. Plaintiff's underinsured motorist claim is a loss covered by the Acuity policy.

22. Acuity has all the knowledge to support payment of Plaintiff's claim and with no reasonable basis continues to undervalue the claim.

23. At all times relevant to this action, the adverse driver, is and was an "underinsured motorist" as that term is defined under Nevada law, giving rise to a first-party insurance claim for under-insured motorist benefits.

24. Defendant Acuity has a duty to evaluate the claim and compensate Plaintiff for his damages.

25. Defendant Acuity has failed to timely pay benefits upon proof of this loss.

26. Defendant Acuity has refused to timely make an adequate payment to Plaintiff, as was required under the subject Policy.

27. Defendant Acuity's refusal to pay the Policy limits was made without a reasonable basis in fact or law.

28. Defendant Acuity's failure to pay the Policy limits was made in bad faith and for the purpose of denying the benefits of contract for underinsured/uninsured motorist coverage to Plaintiff.

29. As a direct and proximate result of the negligence of the third-party driver, Plaintiff has been caused to suffer serious bodily injury, disability and pain and suffering, which may be permanent and/or experienced in the future, all other general damages in excess of $15,000.

30. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

31. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff has been required to alter his physical activities and has limited occupational and recreational activities, which have caused—and shall continue to cause—Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

32. Defendant Acuity's refusal to adequately and reasonably pay Plaintiff's benefits due under the applicable contract of insurance was malicious, willful, and intentional and in fact, did cause injury to Plaintiff in excess of $15,000.00.

33. Defendant Acuity's actions justify an award of punitive damages.

34. That Plaintiff has been required to engage the services of an attorney, and accordingly, has incurred attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION

#### (UIM Breach Of Contract Claim)

35. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 as fully set forth herein.

36. Plaintiff had a contract with Defendant Acuity.

37. Said Policy contained and Underinsured and/or Uninsured motorist provision providing coverage to the Plaintiff and any passengers for damages as a direct and proximate result of the negligence of other vehicle operators, when the other operators lacked or had insufficient insurance coverage.

38. Said policy of insurance was in full force and effect on November 21, 2019, when the subject incident occurred.

39. Acuity, is contractually obligated to Plaintiff who was an insured under the subject policy.

40. Acuity has failed to pay reasonable benefits under the underinsured/uninsured portion of the subject policy, thereby breaching its contractual duty.

41. As a direct and proximate result of Acuity's breach of contract, Plaintiff has sustained general damages in excess of $15,000.

42. As a result, Plaintiff has suffered damages up to and including the limits of all available underinsured motorist coverage for personal injury in an amount in excess of $15,000.

43. As a further direct and proximate result of the named Defendant and Doe and Roe Defendants' negligence, Plaintiff, incurred expenses for medical care and treatment in an amount in excess of $15,000.

## SECOND CAUSE OF ACTION

### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

44. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 43 as fully set forth herein.

45. Plaintiff and Acuity were bound by a contractual relationship pursuant to the Policy. The expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, obligated Acuity to act in good faith toward and to deal fairly with Plaintiff.

46. Acuity and/or Roe Corporations and its agents owed a duty to Plaintiff to comply with its implied covenant of good faith and fair dealing.

47. At all times mentioned herein, Acuity and/or Roe Corporation, and its agents further owed a duty to the Plaintiff to ensure it did not impair the Plaintiff's right to receive benefits of the above-described policy of insurance.

48. Acuity and/or Roe Corporation, through its agents, acted in bad faith and violated its implied covenant of good faith and fair dealing by repeatedly and continuously failing and refusing to pay to the Plaintiff the sum of money due and owing to Plaintiff under the above-described policy of insurance.

49. The failure of Acuity, to exercise good faith and fair dealing has resulted in substantial delay in receipt of benefits to which Plaintiff is entitled and has and will result in substantial economic loss, as well as attorney's fees and costs.

50. The failure of Acuity to exercise good faith and fair dealing has resulted in Plaintiff suffering severe emotions distress.

51. The aforesaid conduct of Acuity was in willful, wanton and reckless disregard of Plaintiff's interests, to such extent as to constitute oppression, fraud and actual malice toward Plaintiff, thus entitling Plaintiff to an award for punitive damages.

52. The conduct of Acuity was intentional, malicious and reckless, and in conscious disregard of the consequences to Plaintiff, therefore Plaintiff is entitled to punitive damages.

53. By reason of the premises and as a direct and proximate result thereof, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to his damage for which the present amount is unknown; Plaintiff is informed and believes, and thereon alleges, that such expenses will continue in the future, all to his damage in a presently unascertainable amount. In this regard, Plaintiff prays leave of this Court to insert all said damages herein when the same have been full ascertained.

### THREE CAUSE OF ACTION

(VIOLATION OF UNFAIR CLAIMS PRACTICES ACT)

54. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 to 53 as if fully set forth herein.

55. That Plaintiff and Defendant Acuity were bound by a contractual relationship pursuant to the Policy.

56. Acuity further breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of the Unfair Claims Practices Act (NRS § 686A.310) set out below; violations which were done with Acuity's actual and/or implied knowledge.

57. Acuity's deliberate delay in paying benefits due to Plaintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310 including, but not limited to Sections 1, subsections (b), (c), (e), (f) and (n).

58. Acuity failed to acknowledge and act reasonably prompt upon communications with respect to claims arising under insurance policies, as prohibited by NRS § 686A.310(1)(b).

59. Acuity failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy, as prohibited by NRS § 686A.310(1)(c).

60. Acuity failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements had been completed and submitted by the insured as prohibited by NRS § 686A.310(1)(d).

61. Acuity failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS § 686A.310(1)(e).

62. Acuity compelled Plaintiff to institute litigation to recover amounts due under the Policy, as prohibited by NRS 686A.310(f).

63. Acuity attempted to settle the claim for less than the amount of which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application, in violation of NRS § 686A.310(1)(g).

64. On more than one occasion Acuity refused to consider or evaluate Plaintiff's claim, in violation of the Nevada Fair Claims Protection Act.

65. The actions of Acuity as described herein, constitutes a breach of the covenant of good faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.

66. As a direct and proximate result of Defendant's breach of duty of due care and carelessness and/or reckless conduct set forth, Plaintiff has incurred and continues to incur damages including but not limited to emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, past medical expenses, and future medical expenses, in an amount in excess of $15,000.

67. Plaintiff is entitled to all attorney's fees and costs of suit herein by virtue of having to prosecute the within action.

Wherefore, Plaintiff, reserving his right individually or through his representatives, to amend this Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them, as follows:

1. Compensatory damages in excess of $15,000, according to proof at trial;
2. General and Special Damages in excess of $15,000.00 according to proof at trial;
3. Loss of earning capacity in amount to be proven at trial;
4. Costs of suit and attorney fees, as well as prejudgment interest;
5. For such other and further relief as the Court may deem just and equitable

DATED this 27th of July, 2021

**DIMOPOULOS INJURY LAW**

*/s/ Garnet E. Beal*

GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

# EXHIBIT "B"

# EXHIBIT "B"

Electronically Filed
8/31/2021 9:11 AM
Steven D. Grierson
CLERK OF THE COURT

1  **POS**
STEVE DIMOPOULOS, ESQ.
2  Nevada Bar No.: 12729
GARNET E. BEAL, ESQ.
3  Nevada Bar No. 12693
DIMOPOULOS INJURY LAW
4  6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
5  O: (702) 800-6000
F: (702) 224-2114
6  gb@stevedimopoulos.com
*Attorneys for Plaintiff*
7

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARSHALL JOSEPH MOUNT, individually;

    Plaintiff,

vs.

ACUITY, A MUTUAL INSURANCE COMPANY, foreign corporation, and DOES 1-10; and DOE EMPLOYEES 11-20; and ROE BUSINESS ENTITIES 21-30;

    Defendants.

CASE NO.: A-21-838559-C
DEPT NO.: 13

**PROOF OF SERVICE**

. . .
. . .
. . .
. . .
. . .

Page 1 of 2

Case Number: A-21-838559-C

## PROOF OF SERVICE

I certify, under penalty of perjury, that on August 24, 2021 at 4:04pm, the Nevada Commissioner of Insurance was personally served, as statutory attorney, with a copy of the Summons and Complaint in Marshall Joseph Mount v. Acuity, A Mutual Insurance Company, Case No. A-21-838559-C, District Court, Clark County, Nevada. On this day, I have served a copy of the foregoing by mailing the copy thereof, by certified mail, to the following:

ACUITY A MUTUAL INSURANCE COMPANY (License No. 965)
JAMES J LOIACONO, VP-CLAIMS
2800 SOUTH TAYLOR DR
SHEBOYGAN WI 53081

Certified Mail No. 9171 9690 0935 0239 1889 34

This 25th day of August 2021.

/s/ Susan Bell
Employee of the State of Nevada
Nevada Division of Insurance

State of Nevada Division of Insurance
The document on which this certificate is stamped is a full, true and correct copy of the original

Date: 8/25/21   By: S. Bell

# EXHIBIT "C"

# EXHIBIT "C"



**COMMERCIAL AUTO**
**COVERAGE PART**

## Business Auto Amended Declarations

**Item One**

First Named Insured and Address:

POOLSERV LLC
537 E BROOKS AVE STE D406
NORTH LAS VEGAS NV 89030

Agency Name and Number:

L/P INSURANCE SERVICES LLC
8281-BE

| | |
|---|---|
| Policy Number: | ZA5869 |
| Policy Period: | Effective Date: 09-16-19 |
| | Expiration Date: 07-04-20 |

In return for the payment of the premium and subject to all the terms of the policy, we agree to provide the insurance coverage as stated in the policy.

12:01 A.M. standard time at your mailing address shown in the declarations

### NOTICE

Any contrasting type contained in this policy is in compliance with the Nevada statutory requirements that anti-stacking provisions be prominently displayed in the policy, binder, or endorsement.

### Item Two: SCHEDULE OF COVERAGES AND COVERED AUTOS

Each of these coverages apply only to those *autos* shown as covered *autos* by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.

| Coverages | Covered Auto Symbols | Limit of Insurance | Premium |
|---|---|---|---|
| Liability | 1 | $1,000,000 each *accident* | ▓▓▓ |
| Auto Medical Payments | 2 | $5,000 each person | ▓▓▓ |
| Uninsured Motorists Bodily Injury | 2, 8, 9 | $1,000,000 each person  $1,000,000 each *accident* | |
| Comprehensive | 7 | Actual cash value, cost of repair or stated amount (if any), whichever is less, minus the deductible shown in Item(s) Three for each covered *auto* | ▓▓▓ |
| Collision | 7 | Actual cash value, cost of repair or stated amount (if any), whichever is less, minus the deductible shown in Item(s) Three for each covered *auto* | ▓▓▓ |

**Estimated Schedule Premium**   ▓▓▓

**PREMIUM SUMMARY**

Estimated Schedule Premium
Estimated Endorsement Premium
**Estimated Advance Premium**



Acuity, A Mutual Insurance Company

CA-7000(9-18)            Policyholder - Original            09/17/19      Page 1 of 4